T. B. MOORE, Appellant, v. STATES AUTO SUPPLY COMPANY et al., Appellees.

CONTRACTS: Waiver by Inconsistent Conduct. One who buys corporate stock, under an agreement that the corporation will, on demand, repurchase the same, and thereafter is a party to the dissolution of the corporation, and to the merging of its assets with the assets of another concern, and to the incorporation of a new corporation to take over said merged assets, irrevocably waives all his former contract right to demand a repurchase of his stock.

*Appeal from Polk District Court.*—THOMAS J. GUTHRIE, Judge.

NOVEMBER 16, 1918.

ACTION upon a written contract to recover a sum paid for certain shares of stock, with interest. At the conclusion of plaintiff's evidence, the court, upon motion of counsel for defendants, directed the jury to return a verdict in their favor.—*Affirmed.*

*Guy A. Miller,* for appellant.

*Brammer, Lehman & Seevers,* and *Henry & Henry,* for appellees.

STEVENS, J.—Plaintiff, in May, 1916, purchased, and paid therefor $5,000 in cash, 50 shares of the capital stock of the States Auto Supply Company, a corporation doing business in the city of Des Moines, at the same time, in writing, agreeing, upon demand of the corporation at any time within one year, to return said stock, upon payment of the above amount, with interest at the rate of 7 per cent per annum. The contract also gave plaintiff the right to return the stock within the same time, and demand the return of the amount paid therefor, with interest at 7 per cent.

The States Auto Supply Company was engaged in the business of selling automobile supplies, accessories, and equipment. A copartnership, known as the Hippee Motor Supply Company, also located in Des Moines, was engaged in the same line of business. In December, 1916, the owners of the capital stock of the States Auto Supply Company, including plaintiff, together with the individual partners of the Hippee Motor Supply Company, entered into a written agreement for the organization of a new corporation, to be known as the Hippee-States Company, with a capital stock of $1,000,000. The net assets of the States Auto Supply

Company and the Hippee Motor Supply Company were to be turned over to the new corporation, and shares of capital stock issued to the incorporators of the new concern in proportion to the contributions made by the respective parties to the new organization.

The contract further provided that the Hippee-States Company should be incorporated on or before January 1, 1917, under the laws of South Dakota, but it was to have its principal place of business in the city of Des Moines; that the shareholders of the capital stock of the States Auto Supply Company would proceed at once to dissolve said corporation: and a member of the former copartnership and H. F. Shepherd, president and manager of the former corporation, were authorized to have articles of incorporation prepared for the new corporation, and to execute such other papers or agreements as might be necessary in carrying out the terms of the contract. The respective interests of each of the copartners of the Hippee Motor Supply Company, together with the number of shares of stock held by each of the shareholders in the States Auto Supply Company, were designated in the contract.

After the incorporation of the new organization was completed, shares of stock were issued, in accordance with the agreement, and delivered to the parties entitled thereto, except the plaintiff, who declined to receive the same. The new corporation was not organized until after January 1, 1917, and the shares of stock in the new corporation were tendered to plaintiff on or about February 27th. But the record does not disclose when the new articles of incorporation were filed.

On January 29, 1917, plaintiff served a written notice upon the several parties in interest, including the States Auto Supply Company, offering to return the shares of stock held by him therein, and demanded payment of the $5,000, with interest thereon, according to the terms of the

contract entered into between himself and said corporation in May, 1916.   On March 16, 1917, a further notice was served by plaintiff upon the shareholders of the new corporation, electing to rescind the contract of December 26, 1916, upon the ground that he was induced to sign the same by the fraud of H. F. Shepherd.

The petition in this case was filed March 29, 1917, and alleged the contracts of May and December, 1916, the organization of the new corporation, and the transfer of the assets of the States Auto Supply Company thereto, the offered return of shares of stock held by plaintiff in the Auto Supply Company, and the demand for the payment of $5,000 and interest therefor; and further alleged that plaintiff was induced to enter into the contract of December 26th by certain false and fraudulent representations made to him by H. F. Shepherd, respecting the value of the shares of stock to be issued by the new corporation.

The States Auto Supply Company, for defense, alleged that plaintiff, by the execution of the contract of December 26th, and by his subsequent conduct, waived the provisions of his contract by which the States Auto Supply Company agreed to repurchase the stock at the price therein set forth, and that he is thereby estopped from returning said stock and demanding payment therefor.   The answer of the Hippee-States Company consisted of a general denial, together with the admission that it received, and was in possession of, the net assets of the States Auto Supply Company, for which it averred that it paid full value, in accordance with the contract of December 26th.

The rules of law governing waiver are familiar, and need not be stated.   But little evidence was offered on behalf of plaintiff, who testified that the contract in suit was repeatedly discussed at meetings of the shareholders of the States Auto Supply Company and members of the Hippee Motor Supply Company, except George B. Hippee; but the

record is silent as to the substance and purport of the discussion. The only direct evidence of conversations between plaintiff and other parties to the contract of December 26th is that in which plaintiff claims that Shepherd represented to him that stock in the new corporation would be worth at least $125 a share, and that the stockholders of the States Auto Supply Company would realize a profit of from 20 to 25 per cent in cash, or stock; and that he was induced by said representations to sign the contract.

The shares of stock issued by the new corporation which were tendered to plaintiff consisted of 50 shares of preferred, and 50 shares of common, stock, all of the par value of $100. It will be observed that the contract of December 26th provided for the transfer of all of the net assets of the States Auto Supply Company and of the Hippee Motor Supply Company to the new corporation, and for the issuance of stock therein to the shareholders of the former corporation and to the members of the copartnership, in proportion to the respective interests of each therein, as shown by the books of the new corporation; whereupon the former corporation was to be dissolved, and its affairs closed.

Plaintiff must have known, at the time he signed the contract of December 26th, that, in addition to the shareholders of the States Auto Supply Company, certain members of the Hippee Motor Supply Company were to receive stock in the new corporation; and that, in carrying out the contract, all of the assets of the States Auto Supply Company and the Hippee Motor Supply Company would be transferred to the new organization; and that nothing would remain out of which payment of the $5,000 now demanded by him could be made. He must also have known that the Hippee States Company had not agreed, in writing or otherwise, to pay him $5,000, with interest, for the stock held by him in the States Auto Supply Company; and

that, by the absorption of the assets of the old corporation by the new, his stock in the former was rendered absolutely valueless. The States Auto Supply Company was wholly without assets or available means of repurchasing the stock. All of this must have been apparent to plaintiff. There is nothing in the record showing that the new corporation was organized with the understanding, upon the part of the incorporators, that the terms of the May contract were to be carried out by it. Indeed, it is conceded that George P. Hippee did not even know of the existence of the contract. According to his own testimony, plaintiff was induced to sign the December agreement solely because of certain attractive representations held out to him by Shepherd, respecting the prospective increased value of stock in the new corporation over that held by him in the old. Evidently, his purpose in signing the December contract was to obtain the benefits that he expected would come to him from the new organization; but this evidence was, upon motion of counsel for the States Auto Supply Company, stricken by the court. By the written consent of plaintiff and the remaining owners of the capital stock of the States Auto Supply Company, its assets were disposed of, and its only available means of repurchasing his stock destroyed. Plaintiff could not reasonably have intended, when he signed the December contract, at some future time to return the stock which he held in the old corporation, and demand payment of $5,000, with interest therefor, in accordance with the May agreement. As before stated, the record does not disclose the conversations between plaintiff and his associates in the organization of the new corporation, respecting the contract in suit; but we infer that it did not relate to the assumption of the obligations thereof by the new corporation, and that nothing was said to induce plaintiff to believe that his contract would be carried out according to its terms, if the new corporation was

organized. Plaintiff was not a creditor, in the usual sense, of the old corporation, but held a contract containing certain provisions beneficial to him. Plaintiff alone could exercise the option of returning the stock and demanding the payment of the purchase price agreed upon by the parties to the contract. The privilege of doing so could be waived by him. Proof of such waiver need not be by direct evidence, but may be inferred from the several transactions shown, and the conduct of the parties.

In our opinion, the record did not present a question of fact to be passed upon by a jury. The conclusion from the whole record is irresistible that, by signing the December contract, with full knowledge of all its terms and conditions and the necessary effect of the consummation thereof upon the former corporation and the disposition of its assets, plaintiff fully intended to waive the provision of the contract in question. The assets of the Hippee Motor Supply Company and of the former corporation were all turned over to the new corporation, in reliance upon the December contract, the terms of which appear to have been fully carried out by all of the parties thereto, except the plaintiff.

Other questions argued by counsel need not be considered herein. We reach the conclusion that plaintiff clearly waived his rights under the May contract, and that the court did not commit error in directing a verdict in favor of the defendants.—*Affirmed.*

PRESTON, C. J., WEAVER and GAYNOR, JJ., concur.